# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| MARION PARHAM | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-5316 |
| | ) | |
| | ) | Judge Matthew Kennelly |
| vs. | ) | |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| STATEVILLE CORRECTIONAL CENTER, | ) | |
| and GHALIAH OBAISI as, Independent Executor | ) | |
| of the estate of Dr. SALEH OBAISI | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANT WEXFORD HEALTH SOURCES, INC. ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT (SIC)(DKT.#29)

NOW COMES the Defendant, WEXFORD HEALTH SOURCES, INC., by and through its attorneys, BOLLINGER CONNOLLY KRAUSE LLC, and for its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint (sic) (DKT. #29), states as follows:

## JURISDICTION

1. That at all times complained of herein, WEXFORD HEALTH SOURCES, INC., STATEVILLE CORRECTIONAL CENTER, and Dr. Saleh Obaisi as an agent, servant and or employee of WEXFORD HEALTH SOURCES, INC. were correctional health care companies and individuals that are contracted with the State of Illinois to provide medical care, behavioral health, and pharmacy services to the inmates at Illinois correctional centers. Each of them controlled the medical services at the correctional center located in Crest Hill, Illinois, where the Plaintiff was an inmate.

**ANSWER**: Defendant admits that it is a correctional health care company who at times

**has been contracted with the Illinois Department of Corrections to provide medical care, behavioral health care to inmates to certain correctional center located in Crest Hill, Illinois. Defendant admits at certain times Dr. Obaisi was employed by Wexford Health Sources, Inc. Defendant denies the remaining allegations of this paragraph.**

2. This is a claim is brought pursuant to 42 U.S.C. § 1983 for the deprivation of the Plaintiff's rights granted under the United States Constitution.

**ANSWER**: **Defendant admits that the claim in brought under 42 U.S.C. §1983. Defendant denies liability and denies that it violated Plaintiff's constitutional rights.**

3. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 1367.

**ANSWER**: **Defendant admits jurisdiction under 28 U.S.C. §1331. Defendant denies jurisdiction under 28 U.S.C. §1367.**

4. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, at least one Defendant resides in this judicial district, and all Defendants reside in Illinois. Furthermore, a substantial part of the events or omissions giving rise to the claim occurred in Illinois, in the Northern District of Illinois.

**ANSWER**: **Defendant admits venue is proper. Defendant denies the remaining allegations of this paragraph.**

## GENERAL ALLEGATIONS

5. At the time of his incarceration at STATEVILLE CORRECTIONAL CENTER, Plaintiff was suffering from an injury in his leg from a previous fracture.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

6. Because of his medical condition, which was known to the Defendants, Plaintiff was also had been issued a "low bunk permit."

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

7. Independent healthcare providers, WEXFORD HEALTH SOURCES, INC. (hereinafter referred to as "WEXFORD") and STATEVILLE CORRECTIONAL CENTER, contracted with STATEVILLE CORRECTIONAL CENTER (hereinafter referred to as "STATEVILLE") to provide healthcare services to the inmates.

**ANSWER**: **Defendant denies the allegations of this paragraph.**

8. On several occasions, the doctors and nurses employed by WEXFORD and STATEVILLE failed to provide timely medical treatment to the plaintiff which caused the Plaintiff to be in continuous pain. On or about August 7, 2016 plaintiff fell from the top bunk breaking a screw in is leg which was placed there from a previous fracture.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of whether on or about August 7, 2016 plaintiff fell from the top bunk breaking a screw in is leg which was placed there from a previous fracture. Defendant denies the remaining allegations of this paragraph.**

9. Plaintiff complained to Dr. Saleh Obaisi, the nurses and health care providers of WEXFORD and STATEVILLE and wrote grievances regarding the mismanagement of his healthcare in particular, on or about August 7, 2016 Plaintiff fell from his bunk bed and because of the fall the screws that were in his leg from the previous fracture that he suffered broke. Thereafter, despite requesting medical treatment, the Plaintiff's pleas were ignored by the medical

providers, agents, servants, and employees who were acting in the scope and course of their agency, service and employment for WEXFORD and STATEVILLE to include but not limited to Dr. Obaisi.

**ANSWER**: **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of whether Plaintiff fell from his bunkbed and because of the fall the screws that were in his leg from the previous fracture broke. Defendant denies the remaining allegations of this paragraph.**

10. Plaintiff was also wrongfully denied treatment from August 7, 2016 to August 3, 2018, which has caused him to suffer pain, emotional distress and has placed him at a substantial risk of harm.

**ANSWER**: **Defendant denies the allegations of this paragraph.**

11. Upon information and belief, the delay in treatments was caused when Defendant health care administrators, doctors, nurses, and other medical staff arbitrarily and without the Plaintiff's consent, denied the Plaintiff access to the necessary medical care he required.

**ANSWER**: **Defendant denies the allegations of this paragraph.**

12. Upon information and belief, Plaintiff was denied medical treatments in retaliation for the letters, complaint, and grievances that were filed by him against the Defendants.

**ANSWER**: **Defendant denies the allegations of this paragraph.**

13. Plaintiff filed grievances however no action was taken by WEXFORD and STATEVILLE or its agents to provide him with medical services for his injury. Their actions demonstrated deliberate indifference to the Plaintiff's serious medical needs.

**ANSWER**: **Defendant denies that Plaintiff filed a grievance. Defendant denies that it failed to take action and denies that it failed to provide Plaintiff with medical**

**services. Defendant denies any action alleged demonstrating deliberate indifference. Defendant denies that Plaintiff has a serious medical need.**

**COUNT I**
**DELIBERATE INDIFFERENCE**
**WEXFORD HEALTH SOURCES, INC.**

1-13. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1-13 of the Introduction and General Allegations as though fully set forth herein.

**ANSWER**: **Defendant re-incorporates its answers to paragraphs 1-13 as and for its answer to this paragraph 13.**

14. That at all relevant times mentioned herein, defendant WEXFORD HEALTH SOURCES, INC. (hereinafter referred to as "WEXFORD"), was a foreign corporation doing business in the state of Illinois.

**ANSWER**: **Defendant admits the allegations of this paragraph.**

15. That at all relevant time mentioned herein, defendants WEXFORD HEALTH SOURCES, INC. and their agents, servants and employees were acting under color of law.

**ANSWER**: **Defendant denies the allegations of this paragraph.**

16. Defendants WEXFORD through its agents, employees, and unknown medical personnel, failed to meet its constitutional obligation to maintain and provide continuing adequate and appropriate medical care and treatment of Plaintiff while at STATEVILLE CORRECTIONAL CENTER, in the following ways:

   a. Despite having notice of Plaintiff's need for medical treatment, and of the seriousness of his medical need, Defendant refused to provide timely medical attention;
   b. Showed unreasonable and deliberate indifference to Plaintiff's serious medical needs, with intentional malice, willfulness, and reckless and deliberate indifference to his rights;
   c. Was responsible for the creation, implementation, oversight, and/or supervision of all policies and procedures followed by WEXFORD agents and employees who

    were medical care providers to inmates incarcerated in STATEVILLE CORRECTIONAL CENTER;

  d. Maintained policies and procedures under which inmates with serious medical conditions, like Plaintiff, were routinely and frequently denied proper or adequate medical care to STATEVILLE CORRECTIONAL CENTER inmates and to Plaintiff;

  e. Defendant's policies, procedures, widespread practice, and actions encouraged practices in STATEVILLE CORRECTIONAL CENTER that resulted in, among other things, routine delays and denial of medical treatment for inmates and the Plaintiff;

  f. Had notice of a widespread practice by WEXFORD agents and employees at STATEVILLE CORRECTIONAL CENTER under which inmates with serious medical conditions, like Plaintiff, were routinely denied access to proper medical care;

  g. Inadequately trained, supervised, and controlled correctional officers and medical personnel who caused routine delays of medical treatment to inmates in need of urgent medical treatment; and

  h. Encouraged future abuses toward the inmates by failing to discipline or punish employee misconduct that resulted in inadequate medical treatments for inmates.

**ANSWER**: **Defendant denies the allegations in this paragraph including subparagraphs (a) – (h).**

17. As a direct and proximate result of the unconstitutional policies and procedures of WEXFORD and or its agents, servants and employees and as a direct and proximate result of WEXFORD's reckless disregard and utter indifference to the health and safety of others; Plaintiff was injured and was deprived of his rights under the Eighth Amendment to the United States Constitution.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

WHEREFORE, Plaintiff, MARION PARHAM, by and through his attorneys, TYLER LAW OFFICES, P.C., respectfully requests that this Court enter judgment in his favor and against Defendants, WEXFORD HEALTH SOURCES, INC., awarding compensatory damages, punitive damages, and attorneys' fees.

**ANSWER:** **Defendant denies that Plaintiff is entitled to judgment and denies that Plaintiff**

**is entitled to any damages or attorneys' fees.**

WHEREFORE, Defendant WEXFORD HEALTH SOURCES, INC., by and through its attorneys, BOLLINGER CONNOLLY KRAUSE LLC, respectfully requests that this Court enter judgment in its favor and against Plaintiff, MARION PARHAM, dismissing Plaintiff's Second Amended Complaint (Dkt. #29) and awarding Defendant costs of this matter.

### COUNT II
### DELIBERATE INDIFFERENCE
### STATEVILLE CORRECTIONAL CENTER

1-17. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1-17 of the Introduction and General Allegations as though fully set forth herein.

**ANSWER**: **Defendant re-incorporates its answers to paragraphs 1-17 above as and for its answer to this paragraph 17.**

18. That at all relevant times mentioned herein, defendant STATEVILLE CORRECTIONAL CENTER, (hereinafter referred to as "STATEVILLE"), was a corporation/governmental entity doing business in the state of Illinois.

**ANSWER**: **Count II is not directed at this defendant. If Count II is determined to be directed against this defendant, defendant Wexford lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

19. That at all relevant time mentioned herein, defendant STATEVILLE and its agent, servants, and employees were acting under color of law.

**ANSWER**: **Count II is not directed at this defendant. If Count II is determined to be**

**directed against this defendant, defendant Wexford lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.**

20. Defendant STATEVILLE, through its agents, employees, and unknown medical personnel, failed to meet its constitutional obligation to maintain and provide continuing adequate and appropriate medical care and treatment of Plaintiff at STATEVILLE CORRECTIONAL CENTER, in the following ways:

   a. Despite having notice of Plaintiff's need for medical treatment, and of the seriousness of his medical need, Defendant refused to provide timely medical attention;
   b. Showed unreasonable and deliberate indifference to Plaintiff's serious medical needs, with intentional malice, willfulness, and reckless and deliberate indifference to his rights;
   c. Was responsible for the creation, implementation, oversight, and/or supervision of all policies and procedures followed by WEXFORD agents and employees who were medical care providers to inmates incarcerated at STATEVILLE CORRECTIONAL CENTER;
   d. Maintained policies and procedures under which inmates with serious medical conditions, like Plaintiff, were routinely and frequently denied proper or adequate medical care to STATEVILLE CORRECTIONAL CENTER inmates and to Plaintiff;
   e. Defendant's policies, procedures, widespread practice, and actions encouraged practices in STATEVILLE CORRECTIONAL CENTER that resulted in, among other things, routine delays and denial of medical treatment for inmates and the Plaintiff;
   f. Had notice of a widespread practice by its agents and employees at STATEVILLE CORRECTIONAL CENTER under which inmates with serious medical conditions, like Plaintiff, were routinely denied access to proper medical care;
   g. Inadequately trained, supervised, and controlled correctional officers and medical personnel who caused routine delays of medical treatment to inmates in need of urgent medical treatment; and
   h. Encouraged future abuses toward the inmates by failing to discipline or punish employee misconduct that resulted in inadequate medical treatments for inmates.

**ANSWER**: **Count II is not directed at this defendant. If Count II is determined to be directed against this defendant, defendant Wexford denies the allegations of this paragraph including subparagraphs (a) – (h).**

21. As a direct and proximate result of the unconstitutional policies and procedures of STATEVILLE, and as a direct and proximate result of STATEVILLE's reckless disregard and utter indifference to the health and safety of others, Plaintiff was injured and was deprived of his rights under the Eight Amendment to the United States Constitution.

**ANSWER:** **Count II is not directed at this defendant. If Count II is determined to be directed against this defendant, defendant Wexford denies the allegations of this paragraph.**

WHEREFORE, Plaintiff, MARION PARHAM, by and through his attorneys, TYLER LAW OFFICES, P.C., respectfully requests that this Court enter judgment in his favor and against Defendant, STATEVILLE CORRECTIONAL CENTER, awarding compensatory damages, punitive damages, and attorneys' fees.

**ANSWER:** **Defendant denies that Plaintiff is entitled to judgment and denies that Plaintiff is entitled to any damages or attorneys fees.**

WHEREFORE, Defendant WEXFORD HEALTH SOURCES, INC., by and through its attorneys, BOLLINGER CONNOLLY KRAUSE LLC, respectfully requests that this Court enter judgment in its favor and against Plaintiff, MARION PARHAM, dismissing Plaintiff's Second Amended Complaint (Dkt. #29) and awarding Defendant costs of this matter.

# COUNT III
## DELIBERATE INDIFFERENCE
## DR. SALEH OBAISI

1-21. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1-21 of the Introduction and General Allegations as though fully set forth herein.

**ANSWER**: **Defendant re-incorporates its answers to paragraphs 1-21 as and for its answer to this paragraph number 21.**

22. That at all relevant times mentioned herein, defendant DR. SALEH OBAISI was employed as a physician and health service administrator of WEXFORD and had the duty to administer the medical services to STATEVILLE CORRECTIONAL CENTER inmates and to the Plaintiff.

**ANSWER**: **Count III is not directed at this defendant. If the allegations of this paragraph are determined to be directed against this defendant, defendant denies the allegations of this paragraph.**

23. That at all relevant time mentioned herein, defendant DR. SALEH OBAISI was acting under color of law.

**ANSWER**: **Count III is not directed at this defendant. If the allegations of this paragraph are determined to be directed against this defendant, defendant denies the allegations of this paragraph.**

24. Defendant, DR. SALEH OBAISI, failed to meet his constitutional obligation to maintain and provide continuing adequate and appropriate medical care and treatment of Plaintiff while at STATEVILLE CORRECTIONAL CENTER, in the following ways:

    a. Despite having notice of Plaintiff's need for medical treatment, and of the seriousness of his medical need, Defendant refused to provide timely or adequate medical attention;
    b. Showed unreasonable and deliberate indifference to Plaintiff's serious medical

           needs, with intentional malice, willfulness, and reckless and deliberate indifference to his rights;
- c. Was responsible for the creation, implementation, oversight, and/or supervision of all policies and procedures followed by WEXFORD agents and employees who were medical care providers to inmates incarcerated in STATEVILLE CORRECTIONAL CENTER;
- d. Followed policies and procedures under which inmates with serious medical conditions, like Plaintiff, were routinely and frequently denied proper or adequate medical care;
- e. Was aware of policies, procedures, widespread practice, and actions that encouraged practices in STATEVILLE CORRECTIONAL CENTER that resulted in, among other things, routine delays and denial of medical treatment for inmates and the Plaintiff;
- f. Had notice of a widespread practice by other WEXFORD agents and employees at STATEVILLE CORRECTIONAL CENTER under which inmates with serious medical conditions, like Plaintiff, were routinely denied access to proper medical care;
- g. Inadequately trained, supervised, and controlled other administrative staff and/or medical personnel resulting in routine delays of medical treatment to inmates in need of urgent medical treatment; and
- h. Encouraged future abuses toward the inmates by failing to report, discipline, counsel or punish employee misconduct that resulted in inadequate medical treatments for inmates.

**ANSWER**: **Count III is not directed at this defendant. If the allegations of this paragraph are determined to be directed against this defendant, defendant denies the allegations of this paragraph including subparagraphs (a) – (h).**

25. As a direct and proximate result of the unconstitutional policies and procedures of WEXFORD, and as a direct and proximate result of 's reckless disregard and utter indifference to the health and safety of others, Plaintiff was injured and was deprived of his rights under the Eight Amendment to the United States Constitution.

**ANSWER**: **Count III is not directed at this defendant. If the allegations of this paragraph are determined to be directed against this defendant, defendant denies the allegations of this paragraph. Defendant denies any unconstitutional policies and procedures.**

WHEREFORE, Plaintiff, MARION PARHAM, by and through his attorneys, TYLER LAW OFFICES, P.C., respectfully requests that this Court enter judgment in his favor and against the estate of Defendant DR. SALEH OBAISI, awarding compensatory damages, punitive damages, and attorney's fees.

**ANSWER:** **Defendant denies that Plaintiff is entitled to judgment and denies that Plaintiff is entitled to any damages or attorney's fees.**

WHEREFORE, Defendant WEXFORD HEALTH SOURCES, INC., by and through its attorneys, BOLLINGER CONNOLLY KRAUSE LLC, respectfully requests that this Court enter judgment in its favor and against Plaintiff, MARION PARHAM, dismissing Plaintiff's Second Amended Complaint (Dkt. #29) and awarding Defendant Costs of this matter.

## JURY DEMAND

Plaintiff, MARION PARHAM, by and through his attorneys, TYLER LAW OFFICES P.C., hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

**ANSWER:** **Defendant demands a trial by Jury.**

## AFFIRMATIVE DEFENSES

Without prejudice to the denials of the allegations contained in Plaintiff's Second Amended Complaint (sic) (Dkt. #29), Defendant, WEXFORD HEALTH SOURCES, INC., without waiving the obligations of Plaintiff to prove every factual element of his claims, and for his Affirmative Defenses states as follows:

1. **Qualified Immunity**

At all times relevant to Plaintiff's claims, the Defendant charged herein acted in the good

faith performance of its official duties without violating Plaintiff's clearly established constitutional rights. Defendant is protected from liability by the doctrine of qualified immunity.

    **2.    Official Capacity Claim Barred**

To the extent that Plaintiff's claims are against Defendant in its official capacity the claims are barred by the Eleventh Amendment

    **3.    Injunctive Relief Barred**

To the extent Plaintiff is suing Defendant for declaratory relief or injunctive relief not intended to address ongoing violations, his requests for such relief are barred by the Eleventh Amendment and the Prison Litigation Reform Act. Further, the Defendant no longer has the authority to order the relief sought if ordered and Plaintiff is not subject to the conditions of which he complains.

    **4.    Failure to Exhaust Administrative Remedies**

Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action and as a result Plaintiff's claims are barred by the Prison Litigation Reform Act.

    **5.    Statute of Limitations and/or Statute of Repose**

To the extent that Plaintiff's claims are barred by the statute of limitations and/or Statute of Repose, they should be dismissed.

    **6.    *Heck v. Humphrey***

To the extent Plaintiff's allegations require the invalidation of any discipline that resulted in the loss of good time credit, these allegations are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

    **7.    Mootness**

To the extent that Plaintiff is suing the Defendant for declaratory relief or injunctive relief not intended to address ongoing violations, his claim is moot.

    **8.    Compensatory Damages Barred**

To the extent that Plaintiff is suing the Defendant for compensatory damages for mental or emotional injury suffered without a prior showing of physical injury, his claim is barred by the Prison Litigation Reform Act.

    **9.    Failure to State Claim with Specificity**

Defendant's personal involvement has not been established with sufficient specificity to state a claim upon which relief may be granted.

**10. Res Judicata**

To extent Plaintiff has previously litigated the same issues in a prior action that are now involved in this lawsuit, Plaintiff's suit is barred by the doctrine of res judicata.

**11. Failure to Follow Medical Advice and Exercise Reasonable Care**

a. The sole proximate cause of the injuries and damages alleged by Plaintiff was his failure to exercise reasonable care for his own well-being.

b. Plaintiff had a duty to follow reasonable medical advice, recommendations, treatment, or procedures provided to him by medical staff and providers for the treatment and management of his claimed conditions.

c. Plaintiff failed to exercise reasonable care and follow reasonable medical advice, recommendations, or procedures in one or more of the following respects, which were the sole proximate cause of the injuries and damages Plaintiff claims in this case:

  i. Failed to follow reasonable medical advice and recommendations;
  ii. Failed to be truth to medical staff and state his symptoms, conditions, and behavior to Defendants;
  iii. Failed to exercise reasonable care for his own safety and well-being;
  iv. Failed to undergo recommended and reasonable medical treatment; and
  v. Was otherwise careless or caused harm to himself.

d. Plaintiff's actions were the proximate cause of any injuries which are claimed in his Second Amended Complaint (Dkt. #29) and, therefore, this Defendant is not liable to the Plaintiff for the claims asserted herein.

**12. Failure to State a Claim**

a. Defendant states that Plaintiff's Second Amended Complaint (Dkt. #29) fails to state a claim upon which relief could be granted pursuant to 42 U.S.C. Section 1983.

b. To assert a claim for cruel and unusual punishment under the Eighth Amendment of the Constitution, the plaintiff must show (1) deliberate indifference to (2) a serious medical need of a prisoner. *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).

c. A private corporation acting under the color of law may be liable under Section 1983 if an official policy or custom of the corporation resulted in the alleged constitutional deprivation. *Monell v. Dep't of Social Svcs. Of City of New York*, 436 U.S. 658, 690-91 (1978).

d. To state a viable Section 1983 claim against a private corporation acting under the

color of state law, a plaintiff must prove that injury was caused by (1) an express policy; (2) a widespread practice constituting a "custom or usage;" or (3) the act of a person with final policymaking authority at the corporation. *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008). Plaintiff's allegations regarding the policies and customs of Defendant WEXFORD HEALTH SOURCES, INC. do not rise to the level of a constitutional violation under Section 1983 and, therefore, cannot establish that this Defendant was deliberately indifferent.

**13.     Defendant Acted in Good Faith/Immunity**

a.     At all times relevant herein, Defendant acted in good faith in the performance of its official duties and without violating the Plaintiff's statutory or constitutional rights of which a reasonable person would have known. Therefore, the doctrine of qualified immunity protects this Defendant from this lawsuit. "Qualified immunity shields [officials] from civil damages liability so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Leaf v. Shelnutt*, 400 F.3d 1070, 1079-80 (7tyh Cir. 2005). The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

b.     The United States Supreme Court regards as beneficial, the two-step sequence for resolving a government official's immunity claims articulated in *Saucier v. Katz*, 533 U.S. 194, 200 (2001); see also *Pearson*, 555 U.S. at 236 ("Although we now hold that the *Saucier* protocol should not be regarded as mandatory in all cases, we continue to recognize that it is often beneficial..."). First, a court must decide whether the facts, as alleged by the plaintiff, make out a violation of a constitutional right. *Id.* at 232. Second, the court must decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* In order to show that the right was clearly established, the plaintiff must show that the defendant's "violation [of the constitutional right] was so clear that an official would realize he or she was violating an inmate's constitutional rights." *Borello v. Allison*, 446 F.3d 742, 750 (7th Cir. 2006).

c.     The Plaintiff's Second Amended Complaint (Dkt. #29) alleges that Defendant provided medical care and treatment to the Plaintiff while he was incarcerated at a state-run prison. At no time did any Defendant render medical care that was so clearly a violation of the Plaintiff's constitutional rights that the Defendant would realize it was providing medical care tantamount to cruel and unusual punishment. Thus, the doctrine of qualified immunity applies and shields this

Defendant from this litigation.

    d.    The Defendant further recognizes that the Seventh Circuit has suggested, in dicta, that qualified immunity is not available to private medical in state-run prisons. See *Petties v. Carter*, 836 F.3d 722, 733-34 (7th Cir. 2016). However, the United States Supreme Court's decision in *Filarsky v. Delia* controls and establishes that immunity is available to a government's private contractors who are performing jobs that, otherwise, would be performed by state agents, who unquestionably could assert qualified immunity.

    e.    In *Filarsky*, the Supreme Court, unanimously, held that a private attorney hired by a municipality to perform a task was entitled to claim qualified immunity. *Filarsky v. Delia*, 566 U.S. 377, 390 (2012) ("Affording immunity not only to public employees but also to others acting on behalf of the government similarly serves to 'ensure that talented candidates are not deterred by the threat of damages suits from entering public service.'") (internal marks omitted.)

    f.    Other circuits follow *Filarsky* and apply qualified immunity to private medical providers working in state-run prisons. In a decision handed down after *Petties*, the Tenth Circuit Court of Appeals found that *Filarsky* controlled and applied qualified immunity to a private doctor working in a state prison. *Estate of Lockett v. Fallin*, 841 F.3d 1098, 1108-09 (10th Cir. 2016) ("Dr. Doe stands in the same position as the attorney in *Filarsky* – he was a private party hired to do a job for which a permanent government employee would have received qualified immunity. Thus, we conclude that qualified immunity applies to Dr. Doe.")

    g.    The Supreme Court's *Filarsky* decision combined with the case law of other Courts of Appeal establish that qualified immunity applies to private medical providers performing medical services in a state-run prison. Thus, Defendant has a non-frivolous argument for extending, modifying, or reversing existing law in this Circuit.

WHEREFORE, Defendant, WEXFORD HEALTH SOURCES, INC., respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against Plaintiff, dismissing his Second Amended Complaint (Dkt. #29) with prejudice and awarding Defendant costs and for such other relief as this Court deems appropriate and just.

**Defendant demands a trial by jury.**

DATED:  February 11, 2019

                              Respectfully Submitted,
                              WEXFORD HEALTH SOURCES, INC.

                              By: /s/ Victor F. Price
                              Attorneys for Defendant


Robert S. Tengesdal ARDC No. 6288650
Victor F. Price – ARDC No. 6313766
BOLLINGER CONNOLLY KRAUSE LLC
500 West Madison Street, Suite #2430
Chicago, Illinois 60661
Tel: (312) 253-6200
rtengesdal@bollingertrials.com
vprice@bollingertrials.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 11, 2019, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and to be served upon all participants by filing the same with the CM/ECF system.

       By: /s/  Victor F. /Price

**SERVICE LIST**

Marion Parham v. Wexford
18 CV 05316

Jesse R. Tyler
Tyler Law Offices, P.C.
120 West Madison Street, Suite 204
Chicago, IL 60602
(312) 920-1745
jrtyler@tylerlawchicago.com